UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENNIE SAYEE KOFFA, | CASE NO. 2:22-cv-00179-LK |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING MOTION TO APPOINT COUNSEL |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al., | |
| Defendants. | |

### I.  INTRODUCTION

This matter comes before the Court on *pro se* plaintiff Bennie Koffa's complaint, Dkt. No. 5, and motion to appoint counsel, Dkt. No. 6. Magistrate Judge S. Kate Vaughan granted Mr. Koffa's application to proceed *in forma pauperis* ("IFP") but recommended screening his complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4 at 1. Having reviewed the complaint, the record, and the applicable law, the Court dismisses Mr. Koffa's action without prejudice and denies his motion to appoint counsel.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING MOTION TO APPOINT COUNSEL - 1

## II.   BACKGROUND

Mr. Koffa has sued United States Citizenship and Immigration Services ("USCIS"), attorney Tuella O. Sykes, the "Housing Navigation Division" of the Compass Housing Alliance, and Allied Universal Services Corporation. Dkt. No. 5 at 2–3. It appears that Mr. Koffa is suing USCIS for withholding his immigration records under the Freedom of Information Act, 5 U.S.C. § 552, and for creating a "dossier which incites discrimination against Plaintiff." *Id.* at 6. He is suing Compass Housing Alliance for denying him housing, Ms. Sykes (who apparently represented him in immigration proceedings) for denying him justice, and Allied Universal Services Corporation for denying him employment. *Id.* He alleges that "each defendant received or accessed false records (44 pages of Plaintiff's immigration files withheld by USCIS) and applied them to deny Plaintiff federal and state benefits," including housing, employment, adequate medical coverage, and a cell phone. *Id.* at 5–6. He attaches several exhibits to his complaint, explaining that he previously filed a complaint with the Department of Homeland Security against Ms. Sykes for various alleged wrongs and requested help from congressional representatives in obtaining his immigration records from USCIS. Dkt. No. 1-2 at 1–2, 7–12, 23, 30–31. He also attaches his 1990 asylum request, records of immigration proceedings, email correspondence with Allied Universal Services regarding a security officer position, and a psychiatric assessment from the Southern Alberta Forensic Psychiatry Centre. *Id.* at 3–6, 13–16, 25–36. The alleged wrongful actions of the defendants occurred between 1994 and February 16, 2022, the date Mr. Koffa filed his complaint. Dkt. No. 5 at 6.

## III.   ANALYSIS

The Court must dismiss an IFP plaintiff's case "at any time" if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (section

1915(e) applies to all IFP complaints, not just those filed by prisoners). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). And the standard for determining whether a plaintiff has failed to state a claim under section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Id*.

A.     **Mr. Koffa's Complaint Fails to State a Claim**

Although the Court liberally construes Mr. Koffa's pleadings, he must still produce "a short and plain statement of [his] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Conclusory statements are not enough. *Iqbal*, 556 U.S. at 678. Nor are legal conclusions couched as factual allegations. *Id*. To avoid dismissal under section 1915(e), then, Mr. Koffa's claim must have "facial plausibility"; that is, his complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) ("The plausibility of a pleading thus derives from its well-pleaded factual allegations.").

Mr. Koffa's complaint fails to meet this standard. Mr. Koffa's complaint consists of conclusory allegations that defendants harmed him, without connecting each alleged wrong to a particular defendant or law. *See Whitaker*, 985 F.3d at 1176 (explaining that the complaint in *Iqbal* was "defective" because it included "only conclusory assertions of discrimination without factual allegations that plausibly gave rise to an entitlement of relief"). For example, the complaint does not explain what content in the immigration records is false, or how the defendants relied on that information to deny Koffa benefits to which he was entitled. Mr. Koffa must offer specific factual allegations for his claims to cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING MOTION TO APPOINT COUNSEL - 3

570; *see also Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (cleaned up)).

B.   **The Court Declines to Request Appointment of Counsel**

Mr. Koffa also moves for appointment of counsel. Dkt. No. 6. He claims to have consulted six attorneys, none of whom were willing to take his case. *Id.* at 2.

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The Court does, however, have discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances."[1] *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The exceptional-circumstances inquiry requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986). Neither consideration is dispositive, and the Court must view them together. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Mr. Koffa has not shown that either consideration weighs in his favor. First, his complaint "evinces little likelihood of success on the merits[.]" *Kryuchkov v. Spain Street LLC*, No. C19-876-MJP, 2019 WL 2450798, at *2 (W.D. Wash. June 12, 2019). And second, this case does not present the type of legally or factually complex issues that preclude Mr. Koffa from articulating

---

[1] Although courts often refer to motions under section 1915(e)(1) as motions to appoint counsel, "the statute does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent *pro se* litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); *see also Mallard v. U.S. Dist. Court.*, 490 U.S. 296, 307 (1989) (section 1915(e) does not authorize compulsory appointments).

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING MOTION TO APPOINT COUNSEL - 4

his claims *pro se*. *See Agyeman*, 390 F.3d at 1103–04 (*pro se* prisoner's meritorious case had "triple complexity" that required skillful framing and advanced legal knowledge of *Bivens* actions, the Federal Tort Claims Act, and the Federal Bureau of Prisons' regulations). That he might more articulately set forth the facts underlying his claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013). Nor do his unsuccessful efforts to retain private counsel qualify as an exceptional circumstance. *Curbow v. Clintsman*, No. C21-1420-TLF, 2021 WL 5051662, at *1 (W.D. Wash. Nov. 1, 2021).

**C.    Mr. Koffa May Amend His Deficient Complaint**

The Court will permit Mr. Koffa an opportunity to cure the deficiencies in his complaint. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)); *Yuzhou Peng v. Microsoft Corp.*, No. C19-0639-RAJ, 2019 WL 6310558, at *2 (W.D. Wash. Nov. 25, 2019) (leave to amend "must be granted with extreme liberality"). Accordingly, the Court grants Mr. Koffa 21 days to file an amended complaint that satisfies the foregoing pleading standard and corrects the identified deficiencies. If Mr. Koffa fails to timely comply with this Order or fails to file an amended complaint that corrects the noted deficiencies and meets the required pleading standard, the Court will dismiss his complaint with prejudice.

### IV.    CONCLUSION

The Court DENIES Mr. Koffa's motion to appoint counsel, Dkt. No. 6. The Court further DISMISSES Mr. Koffa's complaint without prejudice and with leave to amend within 21 days of the date of this Order.

The Clerk is directed to send uncertified copies of this Order to Mr. Koffa at his last known address.

Dated this 6th day of June, 2022.

*Lauren King*
Lauren King
United States District Judge